# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# NORTHERN DIVISION

| | |
|---|---|
| MARCUS TREMAYNE ANTHONY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 2:14CV94 CDP |
| NORTHEAST CORRECTIONAL CENTER, et al., | ) ) ) ) |
| Defendants, | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Marcus Anthony (registration no. 1126307), an inmate at Northeast Correctional Center, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $1.70. See 28 U.S.C. § 1915(b)(1). Additionally, the Court will require plaintiff to file an amended complaint or face summary dismissal of this action.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $8.50, and an average monthly balance of less than $8.50. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $1.70, which is 20 percent of plaintiff's average monthly deposit.

**28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

**The Complaint**

Plaintiff brings this action under 42 U.S.C. § 1983 against the Northeast Correctional Center ("NECC") and fifteen individual officials at NECC. The complaint is difficult to review because it has not been drafted in a manner that complies with the Federal Rules of Civil Procedure.

Plaintiff brings a wide range of allegations against NECC's officials. Plaintiff alleges that he was negligently written up for sexual harassment, which resulted in the loss of his conditional release date. He maintains that he was subsequently denied due process in the conduct violation hearing. Plaintiff also alleges that he was denied daily exercise while he was in administrative segregation for three months. He complains that he was improperly restrained while visiting a hospital. And many of his complaints concern the denial of grievances. The vast majority of the allegations are stated as legal conclusions, not facts. For example, plaintiff repeatedly describes defendants actions as "negligent."

**Discussion**

1. Failure to State a Claim Upon Which Relief Can be Granted

The complaint fails to state a claim upon which relief can be granted. The complaint is silent as to whether defendants are being sued in their official or individual capacities. Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir. 1995); Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official, in this case the State of Missouri. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). "[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983." Id. Therefore, the complaint is dismissible under 28 U.S.C. § 1915(e).

Moreover, plaintiff does not have a right to due process under the Fourteenth Amendment unless he has a protected life, liberty or property interest. A liberty interest may arise from the Constitution itself or from state laws. Wilkinson v. Austin, 545 U.S. 209, 221 (2005). Plaintiff does not have a constitutional right to conditional release. Greenholtz v. Inmates of Nebraska

Penal and Correctional Complex, 442 U.S. 1, 7 (1979) ("There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."). And plaintiff does not have an established liberty interest in conditional release. Dace v. Mickelson, 816 F.2d 1277, 1280-81 (8th Cir. 1987). As a result, plaintiff's allegations regarding his conduct violation for sexual harassment and subsequent loss of his conditional release date fail as a matter of law.

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); see Ashcroft v. Iqbal, 129 S. Ct. 1937, 1948 (2009) ("Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.") George v. Smith, 507 F. 3d 605, 609 (7th Cir. 2007) ("Only persons who cause or participate in the [constitutional] violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation."). The instant action lacks factual allegations linking the many supervisory defendants to the alleged injuries. Consequently, the complaint does not state a plausible claim against these defendants.

Legal conclusions are not actionable in a federal civil rights complaint. To state a claim against defendants, plaintiff must state the facts that gave rise to his injuries.

2. Procedural Defects

Rule 8(a) requires that the complaint contain "a short and plain statement of the claim showing that [plaintiff] is entitled to relief . . ." And Rule 10(b) requires a plaintiff to "state [his] claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." The allegations in the complaint are not short and plain and are difficult to review as a result. Therefore, the Court will require plaintiff to submit an amended complaint.

Rule 18(a) of the Federal Rules of Civil Procedure states:

> A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.

As such, multiple claims against a single party are valid. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

For the most part, however, the instant action presents a case involving multiple claims against, not one, but sixteen defendants. Indeed, it appears that plaintiff is attempting to force multiple claims against multiple defendants into one lawsuit. Such pleading practices are not allowed, especially in prisoner actions where there could be an incentive to avoid paying separate filing fees. See id. (district court should question joinder of defendants and claims in prisoner cases). Federal Rule of Civil Procedure 20(a)(2) is controlling and provides:

> Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

Thus, a plaintiff cannot normally seek to join in one lawsuit a multitude of claims against a host of different defendants, relating to events arising out of a series of different occurrences or transactions. In other words, "Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." George, 507 F.3d at 607. "Unrelated claims against different defendants belong in different suits . . . [in part] to ensure that prisoners pay the required filing fees - for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees." Id.

Because plaintiff is proceeding pro se, the Court will allow plaintiff to file an amended complaint. Plaintiff is instructed to carefully choose which claims and which defendants he wishes to bring in a single complaint. The complaint must contain a "short and plain" statement

of the facts that plaintiff believes violated his rights. Plaintiff shall have thirty days from the date of this Order to file his amended complaint. Plaintiff is warned that the filing of an amended complaint replaces the original complaint, and claims that are not realleged are deemed abandoned. E.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation, 396 F.3d 922, 928 (8th Cir. 2005). If plaintiff fails to file an amended complaint within thirty days, the Court will dismiss this action without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $1.70 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall mail to plaintiff a prisoner civil rights complaint form.

**IT IS FURTHER ORDERED** that plaintiff shall file an amended complaint no later than thirty (30) days from the date of this Order.

Dated this 22nd day of October, 2014.

*[signature]*
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE