UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| MARCUS TREMAYNE ANTHONY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:14CV94 CDP |
| ) | |
| NORTHEAST CORRECTIONAL CENTER, ) | |
| et al., ) | |
| ) | |
| Defendants, ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the filing of plaintiff's amended complaint. Because plaintiff is incarcerated at Northeast Correctional Center ("NECC") and is proceeding in forma pauperis, his amended complaint is subject to pre-service review pursuant to 28 U.S.C. § 1915. After reviewing the amended complaint, the Court will partially dismiss the complaint and will order the Clerk to issue process or cause process to be issued on the portions of the complaint that state non-frivolous claims upon which relief can be granted.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead

"enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

## The Amended Complaint

Plaintiff brings this action under 42 U.S.C. § 1983 against NECC; Corizon; J. Hurley (Warden, NECC); Unknown Ruby (Correctional Officer); Unknown Schlicting (LPN); Uknown Kuntz (Correctional Officer); and Unknown Uebinger (Correctional Officer). Plaintiff alleges that defendants were deliberately indifferent to his serious medical conditions by depriving him of needed medication.

## Discussion

A.  **Official Capacity Claims**

Plaintiff's § 1983 claims against NECC and the named Missouri Department of Corrections defendants in their official capacities do not state claims for relief for monetary damages. Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official, in this case the State of Missouri. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989); Barket, Levy & Fine, Inc. v. St. Louis Thermal Energy Corp., 948 F.2d 1084, 1086 (8th Cir. 1991) (noting that an agency exercising power is not a "person" subject to a § 1983 suit). "[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983." Will, 491 U.S. at 71. As a result, the amended complaint fails to state claims upon which relief for monetary damages can be granted against NECC and the other Missouri Department of Corrections defendants in their official capacities.

Further, to state a claim against Corizon, or a Corizon employee in his or her official capacity, a plaintiff must allege that a policy or custom of the employer is responsible for the alleged constitutional violation. See Sanders v. Sears, Roebuck & Co., 984 F.2d 972, 975–76

(8th Cir. 1993) (citing Monell v. Dep't of Social Services, 436 U.S. 658, 690-91, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978)). The amended complaint does not contain any allegations that a policy or custom of Corizon was responsible for the alleged violation of plaintiff's constitutional rights. As a result, the amended complaint fails to state claims against Corizon or defendant Schlicting in his official capacity.

**B.     Deliberate Indifference to Serious Medical Needs**

To state a claim for medical mistreatment, plaintiff must plead facts sufficient to indicate a deliberate indifference to serious medical needs. Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976); Camberos v. Branstad, 73 F.3d 174, 175 (8th Cir. 1995). Allegations of mere negligence in giving or failing to supply medical treatment will not suffice. Estelle, 429 U.S. at 106. In order to show deliberate indifference, plaintiff must allege that he suffered objectively serious medical needs and that defendants actually knew of but deliberately disregarded those needs. Dulany v. Carnahan, 132 F.3d 1234, 1239 (8th Cir. 1997).

Here, plaintiff alleges that defendants Ruby, Schlichting, Kuntz, and Uebinger were aware of his serious medical needs—namely, hypertension, cardiovascular disease, ulcers, seizure disorder, and schizophrenia—but intentionally denied and delayed his access to medical treatment by refusing to allow him access to the medical center where he could take medicine prescribed to him by a Corizon nurse. Plaintiff alleges, with specificity, occasions upon which each of these defendants acted to deprive him of medication.

**C.     Supervisor Liability**

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); see Ashcroft v. Iqbal, 129 S. Ct. 1937, 1948 (2009) ("Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the

official's own individual actions, has violated the Constitution.") George v. Smith, 507 F. 3d 605, 609 (7th Cir. 2007) ("Only persons who cause or participate in the [constitutional] violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation."). The instant action lacks factual allegations linking defendant Hurley to the alleged injuries. Consequently, the complaint does not state a plausible claim against defendant Hurley.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint as to defendants Ruby, Schlichting, Kuntz, and Uebinger, in their individual capacities. These defendants shall be served according to the waiver agreements the Court maintains with the Missouri Attorney General's Office and Corizon Medical Services.

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendants Ruby, Schlichting, Kuntz, and Uebinger shall reply to plaintiff's claims within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as to defendants NECC, Corizon, and Hurley because, as to these defendants, the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that plaintiff's claims against defendants in their official capacity are subject to dismissal because these claims are legally frivolous or fail to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that this case is assigned to Track 5B: Prisoner Standard.

An Order of Partial Dismissal will accompany this Memorandum and Order.

Dated this 30th day of December, 2014.

/s/ Catherine D. Perry
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE